UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-147-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOSE CARMEN SOSA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion under the First Step Act ("FSA"), (Doc. No. 115).

Defendant's Motion seeking relief pursuant to the First Step Act can be construed as either a motion for the Bureau of Prisons ("BOP") to apply FSA Time Credits, or a facial challenge to 18 U.S.C. § 3632(d)(4)(E), which provides that an inmate subject to a final order of removal under any provision of the immigration laws [as defined in 8 U.S.C. § 1101(a)(17)] may not have FSA Time Credits applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. § 3624(g). Defendant's motion states that: "I am not subject to any final order of removal or deportation." (Doc. No. 115 at 1). The motion further states that Defendant is subject to an immigration detainer and, thus, is ineligible for FSA credits. (Id. at 2).

The Court declines to grant Defendant's motion because Defendant is ineligible for FSA Time Credits because he is on immigration detainer and, under 18 U.S.C. § 3632(d)(4)(E), that makes him ineligible for application of the Time Credits.

To the extent that Defendant seeks to challenge 18 U.S.C. § 3632(d)(4)(E), the provision which makes him ineligible for FSA time credits, Defendant's challenge is denied. Defendant

1

states that "the Constitution does not discriminate against race, religion, or any person of another country as long as that person is located within the United States of America" and appears to suggest that this provision unconstitutionally discriminates against him. (Id. at 1). But Congress is clearly entitled to enforce immigration laws by, for instance, creating penalties for being unlawfully present or increasing penalties for those who, like Defendant, commit crimes while unlawfully present. This necessarily involves drawing a distinction between those who are lawfully present in the United States and those who are not. Indeed, all laws "discriminate" in some way: laws against murder discriminate against murderers. But Defendant fails to allege unconstitutional discrimination on the basis of a suspect classification, as he would need to do to challenge 18 U.S.C. § 3632(d)(4)(E) under the Fourteenth Amendment, and so to the extent he seeks to challenge this provision his challenge is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion under the First Step Act, (Doc. No. 115), is **DENIED**.

Signed: September 5, 2022

Max O. Cogburn Jr
United States District Judge